UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL MILLER,

                              **Plaintiff,**

  vs.                                                1:20-CV-359
                                                      (MAD/DJS)

ANTHONY AUBIN and JUSTIN DANIELS,

                              **Defendants.**
_____

**APPEARANCES:**                                          **OF COUNSEL:**

**HARRIS, CONWAY & DONOVAN, PLLC**     **RYAN T. DONOVAN, ESQ.**
50 State Street
2nd Floor
Albany, New York 12207
Attorneys for Plaintiff

**ANTHONY AUBIN**
Defendant *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff commenced this action on March 30, 2020, alleging breach of contract, conversion, fraud, and conspiracy to commit fraud. *See* Dkt. No. 1. On May 22, 2020, Plaintiff filed an affidavit of service, demonstrating that Defendant Anthony Aubin had been served with the summons and complaint. *See* Dkt. No. 16. On July 15, 2020, Plaintiff requested that the Clerk enter default against Defendant Aubin, which was entered the following day. *See* Dkt. Nos. 17 & 18.

Currently before the Court is Plaintiff's motion for default judgment against Defendant Aubin.  *See* Dkt. No. 20.

## II. BACKGROUND

In January of 2020, while shopping online, Plaintiff located a vehicle he wished to purchase; specifically, a 2019 Audi.  *See* Dkt. No. 1 at ¶ 9.  The Audi was being marketed online for sale by Defendant Aubin.  *See id.* at ¶ 10.  Upon information and belief, the Audi was owned by Defendant Justin Daniels, who had authorized Defendant Aubin to sell the vehicle on his behalf.  *See id.* at ¶¶ 11-12.  The total purchase price of the Audi was $59,500.00.  *See id.* at ¶ 12.

Plaintiff purchased the vehicle in good faith on January 28, 2020.  *See id.* at ¶ 13.  Plaintiff wired Defendant Aubin $35,000.00 and paid the remaining $24,500.00 in cash upon receiving the vehicle.  *See id.* at ¶ 14.  Plaintiff traveled to Chase Bank in Clifton Park, New York where he met Defendant Aubin.  *See id.* at ¶ 15.  At the bank, Plaintiff and Defendant Aubin signed a Vehicle Sales Agreement.  *See id.*  Additionally, Defendant Aubin produced a wire notice indicating that the money had been forwarded to Defendant Daniels to satisfy any and all liens on the Audi.  *See id.* at ¶ 17.

Upon further investigation after a second transaction, which will be described below, it was determined that the lien had never been satisfied on the Audi and the money had never been received by Defendant Daniels.  *See id.* at ¶ 18.  According to the complaint, there is a $65,000.00 lien on the Audi which remains unsatisfied at this time.  *See id.* at ¶ 19.

After the transaction for the Audi, Defendant Aubin contacted Plaintiff indicating that he had a 2017 Mercedes G550 AMG Sport for sale.  *See* Dkt. No. 1 at ¶ 21.  Plaintiff agreed to purchase the Mercedes for $63,000.00, and Defendant Aubin agreed to deliver the vehicle to Plaintiff, at or around his residence in Baltimore, Maryland.  *See id.* at ¶¶ 22-23.

2

On or about February 4, 2020, Plaintiff wired $10,000.00 to Defendant Aubin, with the balance to be paid in cash upon delivery. *See id.* at ¶ 24. Upon delivery of the Mercedes on February 5, 2020, Plaintiff handed Defendant Aubin $53,000.00 in cash. *See id.* at ¶ 25. At that time, a Vehicle Sales Agreement was signed by Defendant Aubin and Plaintiff. *See id.* at ¶ 26.

Similar to the first transaction, Defendant Aubin produced a fraudulent wire form to establish that Defendant Daniels received the money for the sale of the Mercedes. *See id.* at ¶ 27. After the transaction, Plaintiff continued to question Defendant Aubin about whether the vehicle's lien was paid off. *See id.* at ¶ 28. In response, Defendant Aubin produced a fraudulent letter on Bank of America letterhead establish that the lien on the Mercedes had been satisfied. *See id.* at ¶ 29. Thereafter, Plaintiff contacted the Bank of America branch in Clifton Park, New York and confirmed that the letter was not official and that the confirmation on the loan and account numbers were incorrect. *See id.* at ¶ 30.

Weeks after the sale, it was determined that the lien on the Mercedes was approximately $93,000.00. *See id.* at ¶ 31. Plaintiff claims that he is now in possession of two vehicles, the Audi and Mercedes, that do not have clean title, for which he paid Defendants a total of $122,500.00. *See id.* at ¶ 32.

On July 31, 2020, when Defendant Aubin failed to appear in this action and his time to answer had expired, Plaintiff moved for default judgment. *See* Dkt. No. 20. On August 26, 2020, the Court received a one-page letter from Defendant Aubin. *See* Dkt. No. 25. In this letter, Defendant Aubin apologizes for his "late response" and claims that he has had criminal charges brought against him and that he did not realize that this civil action was an entirely different proceeding. *See id.* Defendant Aubin further states that he does not have an attorney and cannot afford one because he has spent him money securing his bail. *See id.* Given the special solicitude

courts are required to show *pro se* litigants, the Court construes Defendant Aubin's letter as a motion to vacate the entry of default.

### III. DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment ... is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The factors used by courts to decide whether to set aside a default or a default judgment are the same, but "courts apply the factors more rigorously in the case of a default judgment ... because the concepts of finality and litigation repose are more deeply implicated in the latter action." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). In this case, while the Clerk has entered a default, there is no default judgment. Under these circumstances, the Court decides a motion to vacate under the more lenient standard of Rule 55(c). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see also Austin Energy, LLC v. Eco Lumens, LLC*, No. 11-CV-5749, 2013 WL 6835192, *2 (E.D.N.Y. Dec. 19, 2013) (citing *Meehan*, 652 F.2d at 276).

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When determining whether there is "good cause" to vacate entry of default under Rule 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted. *See Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). No one factor is dispositive. *See Murray Eng'g, P.C. v. Windermere Props LLC*, No. 12 Civ. 0052, 2013 WL 1809637, *4 (S.D.N.Y. Apr. 30, 2014). Because an entry

4

of default is generally disfavored and is considered an "extreme sanction" that "must remain a weapon of last, rather than first resort," *Meehan*, 652 F.2d at 277, any doubt "as to whether a default should be granted or vacated" must be "resolved in favor of the defaulting party," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also Brady v. W. Overseas Corp.*, No. 04-CV-2878, 2008 WL 4936875, *4 (E.D.N.Y. Nov. 14, 2008) ("Any doubts as to whether a default should be vacated must be resolved in favor of trial on the merits").

As to the first factor, willfulness of the default, Defendant Aubin explains in his letter that he is facing criminal charges stemming from the alleged fraudulent that is at the heart of this matter and that he did not realize that this action was in addition to the criminal case that he is facing. Although he provides little in his letter, the Court finds that, in light of his *pro se* status, that this is sufficient to find that Plaintiff's default was not willful. *See Church & Dwight Co. v. Kaloti Enters. of Mich., L.L.C.*, No. 07 Civ. 612, 2011 WL 4529605, *3 (E.D.N.Y. Sept. 28, 2011) ("Willfulness, in this context, refers to 'conduct that is more than merely negligent or careless,' and can be found where 'the conduct of counsel or the litigant was egregious and was not satisfactorily explained'") (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)).

As to the second factor, Defendant Aubin's letter makes no mention of any potential meritorious defense. However, considering that he is proceeding *pro se*, the fact that he does not satisfy this element does not preclude the Court from vacating the entry of default. *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (holding that when the party against whom the default is entered is a *pro se* defendant, courts must be particularly sensitive to the defendant's ability to protect his or her rights).

Finally, the Court finds that Defendant Aubin has satisfied the third element, as Plaintiff will not suffer prejudice in any meaningful way. Even if the Court were to grant Plaintiff's motion

5

for default judgment against Defendant Aubin, the case would still proceed as to Plaintiff's claims against Defendant Daniels.  Therefore, any delay in permitting Defendant Aubin to answer the complaint will cause Plaintiff little, if any, harm.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant Aubin's motion to vacate the Clerk's entry of default (Dkt. No. 25) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for default judgment (Dkt. No. 20) is **DENIED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court is hereby directed to **VACATE** the entry of default against Defendant Aubin; and the Court further

**ORDERS** that Defendant Aubin is to submit his answer or otherwise respond to Plaintiff's complaint by **October 23, 2020**.[1]  If Defendant Aubin's response is not received by that date, Plaintiff the Court will direct the Clerk of the Court to enter default against Defendant Aubin and Plaintiff may refile his motion for default judgment; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 21, 2020
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge

---

[1] If Defendant Aubin is unable to retain an attorney to represent him in this matter, the Court directs his attention to the Court's website, which has several resources available to persons proceeding *pro se* in federal court.  The links to the information can be found at https://www.nynd.uscourts.gov/representing-yourself-federal-court.