UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL MILLER,

                             **Plaintiff,**

  vs.                                              1:20-CV-359
                                                        (MAD/DJS)

ANTHONY AUBIN and JUSTIN DANIELS,

                             **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**HARRIS, CONWAY & DONOVAN, PLLC**      **RYAN T. DONOVAN, ESQ.**
50 State Street
2nd Floor
Albany, New York 12207
Attorneys for Plaintiff

**ANTHONY AUBIN**
Defendant *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff commended this action on March 30, 2020, alleging breach of contract, conversion, fraud, and conspiracy to commit fraud. *See* Dkt. No. 1. On May 22, 2020, Plaintiff filed an Affidavit of Service, demonstrating that Defendant Anthony Aubin had been served with the summons and complaint. *See* Dkt. No. 16. On July 15, 2020, Plaintiff requested that the Clerk enter default against Defendant Aubin (hereinafter "Defendant"), which was entered the following day. *See* Dkt. Nos. 17 & 18. On July 31, 2020, Plaintiff filed his first motion for default against Defendant. *See* Dkt. No. 20. On August 26, 2020, Defendant sent a letter to the

1

Court requesting Court's assistance.  *See* Dkt. No. 25.  In this letter, Defendant apologizes for his "late response" and claims that he has had criminal charges brought against him and that he did not realize that this civil action was an entirely different proceeding.  *See id.*  Defendant further states that he does not have an attorney and cannot afford one because he has spent him money securing his bail.  *See id.*  Given the special solicitude courts are required to show *pro se* litigants, the Court construed Defendant Aubin's letter as a motion to vacate the entry of default.  On September 21, 2020, the Court ordered the Entry of Default to be vacated and denied the motion for default judgment.  *See* Dkt. No. 26.  On November 6, 2020, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiff filed the present motion seeking a default judgment against Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  Dkt. No. 28 at 1.  On November 9, 2020, the Clerk entered Default against Defendant.  *See* Dkt. No. 29.  On November 20, 2020, Plaintiff filed an Affidavit of Service, demonstrating that Defendant had been served with the motion for default judgment.  *See* Dkt. No. 30.  Defendant has failed to answer or move against the motion, or to otherwise appear in this action.

Currently before the Court is Plaintiff's unopposed renewed motion for a default judgment against Defendant.  *See* Dkt. No. 28.

## II. BACKGROUND

In January of 2020, while shopping online, Plaintiff located a vehicle he wished to purchase; specifically, a 2019 Audi.  *See* Dkt. No. 1 at ¶ 9.  The Audi was being marketed online for sale by Defendant Aubin.  *See id.* at ¶ 10.  Upon information and belief, the Audi was owned by Defendant Justin Daniels, who had authorized Defendant Aubin to sell the vehicle on his behalf.  *See id.* at ¶¶ 11-12.  The total purchase price of the Audi was $59,500.00.  *See id.* at ¶ 12.

Plaintiff purchased the vehicle in good faith on January 28, 2020.  *See id.* at ¶ 13.  Plaintiff

2

wired Defendant Aubin $35,000.00 and paid the remaining $24,500.00 in cash upon receiving the vehicle. *See id.* at ¶ 14. Plaintiff traveled to Chase Bank in Clifton Park, New York where he met Defendant Aubin. *See id.* at ¶ 15. At the bank, Plaintiff and Defendant Aubin signed a Vehicle Sales Agreement. *See id.* Additionally, Defendant Aubin produced a wire notice indicating that the money had been forwarded to Defendant Daniels to satisfy any and all liens on the Audi. *See id.* at ¶ 17.

Upon further investigation after a second transaction, which will be described below, it was determined that the lien had never been satisfied on the Audi and the money had never been received by Defendant Daniels. *See id.* at ¶ 18. According to the complaint, there is a $65,000.00 lien on the Audi which remains unsatisfied at this time. *See id.* at ¶ 19.

After the transaction for the Audi, Defendant Aubin contacted Plaintiff indicating that he had a 2017 Mercedes G550 AMG Sport for sale. *See* Dkt. No. 1 at ¶ 21. Plaintiff agreed to purchase the Mercedes for $63,000.00, and Defendant Aubin agreed to deliver the vehicle to Plaintiff, at or around his residence in Baltimore, Maryland. *See id.* at ¶¶ 22-23.

On or about February 4, 2020, Plaintiff wired $10,000.00 to Defendant Aubin, with the balance to be paid in cash upon delivery. *See id.* at ¶ 24. Upon delivery of the Mercedes on February 5, 2020, Plaintiff handed Defendant Aubin $53,000.00 in cash. *See id.* at ¶ 25. At that time, a Vehicle Sales Agreement was signed by Defendant Aubin and Plaintiff. *See id.* at ¶ 26.

Similar to the first transaction, Defendant Aubin produced a fraudulent wire form to establish that Defendant Daniels received the money for the sale of the Mercedes. *See id.* at ¶ 27. After the transaction, Plaintiff continued to question Defendant Aubin about whether the vehicle's lien was paid off. *See id.* at ¶ 28. In response, Defendant Aubin produced a fraudulent letter on Bank of America letterhead showing that the lien on the Mercedes had been satisfied. *See id.* at ¶

3

29. Thereafter, Plaintiff contacted the Bank of America branch in Clifton Park, New York and confirmed that the letter was not official and that the confirmation on the loan and account numbers were incorrect. *See id.* at ¶ 30.

Weeks after the sale, it was determined that the lien on the Mercedes was approximately $93,000.00. *See id.* at ¶ 31. Plaintiff claims that he is now in possession of two vehicles, the Audi and Mercedes, that do not have clean title, for which he paid Defendants a total of $122,500.00. *See id.* at ¶ 32.

### III. DISCUSSION

**A. Entry of Default Judgment**

"Rule 55(b) of the Federal Rules of Civil Procedure provides that when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party." *Coated Fabrics Co. v. Mirle Corp.*, No. 06-CV-5415, 2008 WL 163598, *4 (E.D.N.Y. Jan. 16, 2008) (citing Fed. R. Civ. P. 55(b)). "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered[.]" *Pert 35, Inc. v. Amari Aviation Ltd.*, No. 09-CV-0448, 2010 WL 1257949, *3 (N.D.N.Y. Mar. 5, 2010) (citations omitted). More specifically, in order to grant plaintiff's motion for default judgment, plaintiff must satisfy the following requirements: "1) show that the defendant was properly served with a summons and complaint; 2) obtain the entry of default; and 3) provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a member of the United States Military Service." *Id.* (citing Fed. R. Civ. P. 55(b)(2); N.Y.N.D. L.R. 55.1 and 55.2) (other citation omitted).

"When a default judgment is entered, the defendant's failure to respond constitutes an

admission of the well-pleaded factual allegations in the complaint, except as to claims relating to damages." *Coated Fabrics Co.*, 2008 WL 163598, at *4 (citing *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Au Bon Pain Corp., v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). In determining whether to enter a default judgment, the Second Circuit has cautioned that since a default judgment is an extreme remedy, it should only be entered as a last resort. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (citations omitted). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993) (citations omitted). Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Id.* (citations omitted). Accordingly, simply because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right. *See Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

The Court has "significant discretion" when deciding whether to grant a default judgment and may consider numerous factors in making the decision, "including whether the grounds for default judgment are clearly established, ... whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment might have on the defendant." *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341 at 347 (E.D.N.Y. 2009); *see also City of New York v. Mickalis Pawn Shop*, *LLC,* 645 F.3d 114, 131 (2d

Cir. 2011); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011). Additionally, the factors relevant to setting aside an entry of default for good cause pursuant to Fed. R. Civ. P. 55(c)—the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted—also guide the court's decision on the entry of default judgment. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170 (2d Cir. 2001); *Rodriguez*, 784 F. Supp. 2d at 123. Default judgments are an extreme remedy and are generally disfavored. *See Enron Oil Corp.*, 10 F.3d at 90. It is preferred that disputes be resolved on the merits of each case. *See id.* at 95–96. Accordingly, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* at 96.

In the present matter, Plaintiff has satisfied the procedural prerequisites for obtaining a default judgment. Plaintiff has properly served Defendant with the Complaint, obtained an entry of default, and provided an Affidavit of Service setting forth all of the requirements set forth above. *See* Dkt. Nos. 16-21, 25-30. As such, the Court analyzes the three factors that guide a court's determination of whether to grant a default judgment below.

**B. Willfulness**

"When a defendant is continually and 'entirely unresponsive,' [the] defendant's failure to respond is considered willful." *Trs. of the Pavers & Rd. Builders Dist. Council Welfare Fund v. JREM Constr. Corp.*, No. 12–CV–3877, 2013 WL 618738, *3 (E.D.N.Y. Jan. 28, 2013) (quoting *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06 Civ. 14226, 2008 WL 5560868, *2 (S.D.N.Y. Oct. 27, 2008)). The Court previously found Defendant's letter sufficient to defeat the willfulness factor, considering his *pro se* status. Dkt. No. 26 at 5. As to the second motion for default judgment, Defendant's continual failure to respond to the Motion for Default sufficiently

demonstrates willfulness.  *See E. Sav. Bank, FSB v. Beach*, No. 13–CV–0341, 2014 WL 923151, *5 (E.D.N.Y. Mar. 10, 2014); *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2007 WL 4468652, *1 (S.D.N.Y. Dec. 20, 2007).  Plaintiff submitted an Affidavit of Service demonstrating that the Summons and Complaint were served on Plaintiff on November 20, 2020.  *See* Dkt. No. 20.  Defendant neither answered nor responded in any way to the motion, nor did Defendant request an extension of time to respond, and the time to do so has expired.  There is no indication that Defendant's failure to respond to the motion for default judgment, as well as the Complaint, with the exception of the letter on August 26, 2020, despite being properly served, was anything but deliberate.

**C.  Meritorious Defense**

Turning to the next factor, the Court must consider whether Defendant has a meritorious defense.  Where a defendant fails to answer the complaint, courts are unable to make a determination whether the defendant has a meritorious defense.  *See Empire State Carpenters Welfare Fund v. Darken Architectural Wood,* No. 11–CV-46, 2012 WL 194075, *3 (E.D.N.Y. Jan. 17, 2012).  "[A]ccordingly, this factor weighs in favor of granting a default judgment." *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 143 (E.D.N.Y.2013) (citations omitted).  Although Defendant's default constitutes an admission of all the factual allegations in the Complaint as they relate to liability, Plaintiff must nevertheless demonstrate that the uncontested allegations set forth valid claims.  *See Said v. SBS Elecs., Inc.,* No. CV 08–3067, 2010 WL 1265186, *2 (E.D.N.Y. Feb. 24, 2010) ("With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action").  As to the second factor, Defendant's letter makes no

7

mention of any potential meritorious defense.  *See* Dkt. No. 25.  In the Court's Memorandum-Decision and Order denying the first motion for default judgment on September, 21, 2020, the Court found that the Defendant had no meritorious defense.  Dkt. No. 26 at 5.  Defendant has introduced no proof of a meritorious defense since then.  However, considering that he is proceeding *pro se*, the fact that he does not satisfy this element does not preclude the Court from vacating the entry of default.  *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (holding that when the party against whom the default is entered is a *pro se* defendant, courts must be particularly sensitive to the defendant's ability to protect his or her rights).  Given the Court's prior denial of motion for default judgment, the Court's Order that Defendant submit his answer or otherwise respond to Plaintiff's complaint by October 23, 2020, and the continued failure of the Defendant to respond, the Court has satisfied its burden of particular sensitivity to this *pro se* litigant.  Dkt. No. 26 at 6.

Accordingly, plaintiff may be granted the default judgment he seeks, provided that the well-pleaded allegations of the Complaint establish the alleged breach of contract, conversion, fraud, and conspiracy to commit fraud violations.  Having reviewed the allegations set forth in the Complaint, the Court finds that the well plead allegations plausibly allege each of these claims against Defendant.  Accordingly, this motion for default judgment is granted as to Defendant Aubin as to liability.

### IV. CONCLUSION

After carefully considering the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's second motion for default judgment (Dkt. No. 28) is **GRANTED as to liability** and **DENIED as to damages**; and the Court further

**ORDERS** that Plaintiff shall submit a supplemental memorandum, accompanied by an affidavit and evidence substantiating its claimed damages within **THIRTY (30) DAYS** from the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to comply with the terms of the Memorandum-Decision and Order within **THIRTY (30) DAYS**, the Clerk is directed to return this file to the Court which may issue a *sua sponte* order dismissing this action for failure to prosecute, failure to comply with this Court's Order, and/or failure to comply with the Federal and Local Rules; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant Aubin by Certified Mail, Return Receipt Requested and docket the returned receipt within **THREE (3) DAYS** of its return; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 15, 2021
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge