**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL MILLER,**

                                        **Plaintiff,**

          **vs.**                                        **1:20-CV-359**
                                                         **(MAD/DJS)**

**ANTHONY AUBIN and JUSTIN DANIELS,**

                                        **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**HARRIS, CONWAY & DONOVAN, PLLC**      **RYAN T. DONOVAN, ESQ.**
50 State Street
2nd Floor
Albany, New York 12207
Attorneys for Plaintiff

**ANTHONY AUBIN**
Defendant *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Plaintiff commenced this action on March 30, 2020, alleging breach of contract, conversion, fraud, and conspiracy to commit fraud.  *See* Dkt. No. 1.  On May 22, 2020, Plaintiff filed an affidavit of service, demonstrating that Defendant Anthony Aubin had been served with the summons and complaint.  *See* Dkt. No. 16.  On July 15, 2020, Plaintiff requested that the Clerk enter default against Defendant Aubin, which was entered the following day.  *See* Dkt. Nos. 17 & 18.  Thereafter, the Court granted Plaintiff's motion for default judgment as to liability but denied the request for damages without prejudice.  *See* Dkt. No. 41.

        Currently before the Court is Plaintiff's renewed request for damages.  .

## II. BACKGROUND

In January of 2020, while shopping online, Plaintiff located a vehicle he wished to purchase; specifically, a 2019 Audi. *See* Dkt. No. 1 at ¶ 9. The Audi was being marketed online for sale by Defendant Aubin. *See id.* at ¶ 10. Upon information and belief, the Audi was owned by Defendant Justin Daniels, who had authorized Defendant Aubin to sell the vehicle on his behalf. *See id.* at ¶¶ 11-12. The total purchase price of the Audi was $59,500.00. *See id.* at ¶ 12.

Plaintiff purchased the vehicle in good faith on January 28, 2020. *See id.* at ¶ 13. Plaintiff wired Defendant Aubin $35,000.00 and paid the remaining $24,500.00 in cash upon receiving the vehicle. *See id.* at ¶ 14. Plaintiff traveled to Chase Bank in Clifton Park, New York where he met Defendant Aubin. *See id.* at ¶ 15. At the bank, Plaintiff and Defendant Aubin signed a Vehicle Sales Agreement. *See id.* Additionally, Defendant Aubin produced a wire notice indicating that the money had been forwarded to Defendant Daniels to satisfy any and all liens on the Audi. *See id.* at ¶ 17.

Upon further investigation after a second transaction, which will be described below, it was determined that the lien had never been satisfied on the Audi and the money had never been received by Defendant Daniels. *See id.* at ¶ 18. According to the complaint, there is a $65,000.00 lien on the Audi which remains unsatisfied at this time. *See id.* at ¶ 19.

After the transaction for the Audi, Defendant Aubin contacted Plaintiff indicating that he had a 2017 Mercedes G550 AMG Sport for sale. *See* Dkt. No. 1 at ¶ 21. Plaintiff agreed to purchase the Mercedes for $63,000.00, and Defendant Aubin agreed to deliver the vehicle to Plaintiff, at or around his residence in Baltimore, Maryland. *See id.* at ¶¶ 22-23.

On or about February 4, 2020, Plaintiff wired $10,000.00 to Defendant Aubin, with the balance to be paid in cash upon delivery. *See id.* at ¶ 24. Upon delivery of the Mercedes on

2

February 5, 2020, Plaintiff handed Defendant Aubin $53,000.00 in cash. *See id.* at ¶ 25. At that time, a Vehicle Sales Agreement was signed by Defendant Aubin and Plaintiff. *See id.* at ¶ 26.

Similar to the first transaction, Defendant Aubin produced a fraudulent wire form to establish that Defendant Daniels received the money for the sale of the Mercedes. *See id.* at ¶ 27. After the transaction, Plaintiff continued to question Defendant Aubin about whether the vehicle's lien was paid off. *See id.* at ¶ 28. In response, Defendant Aubin produced a fraudulent letter on Bank of America letterhead establish that the lien on the Mercedes had been satisfied. *See id.* at ¶ 29. Thereafter, Plaintiff contacted the Bank of America branch in Clifton Park, New York and confirmed that the letter was not official and that the confirmation on the loan and account numbers were incorrect. *See id.* at ¶ 30.

Weeks after the sale, it was determined that the lien on the Mercedes was approximately $93,000.00. *See id.* at ¶ 31. Plaintiff claims that he is now in possession of two vehicles, the Audi and Mercedes, that do not have clean title, for which he paid Defendants a total of $122,500.00. *See id.* at ¶ 32.

In a Memorandum-Decision and Order, the Court granted Plaintiff's motion for default judgment in part, finding that he had plausibly alleged Defendant Aubin's liability. *See* Dkt. No. 41. Plaintiff has since renewed his request for damages as directed by the Court. *See* Dkt. No. 48.

### III. DISCUSSION

"Rule 55(b) of the Federal Rules of Civil Procedure provides that when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party." *Coated Fabrics Co. v. Mirle Corp.*, No. 06-CV-5415, 2008 WL 163598, *4 (E.D.N.Y. Jan. 16, 2008) (citing Fed. R. Civ. P. 55(b)). "That

rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered[.]" *Pert 35, Inc. v. Amari Aviation Ltd.*, No. 09-CV-0448, 2010 WL 1257949, *3 (N.D.N.Y. Mar. 5, 2010) (citations omitted). More specifically, in order to grant plaintiff's motion for default judgment, plaintiff must satisfy the following requirements: "1) show that the defendant was properly served with a summons and complaint; 2) obtain the entry of default; and 3) provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a member of the United States Military Service." *Id.* (citing Fed. R. Civ. P. 55(b)(2); N.Y.N.D. L.R. 55.1 and 55.2) (other citation omitted).

"When a default judgment is entered, the defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as to claims relating to damages." *Coated Fabrics Co.*, 2008 WL 163598, at *4 (citing *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Au Bon Pain Corp., v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). In determining whether to enter a default judgment, the Second Circuit has cautioned that since a default judgment is an extreme remedy, it should only be entered as a last resort. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (citations omitted). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993) (citations omitted). Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Id.* (citations omitted). Accordingly, simply because a party is in default, the plaintiff is not entitled to a default judgment

as a matter of right. *See Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

In the present matter, the Court finds that Plaintiff has established that he is entitled to judgment in his favor in the amount of $122,500.00. According to Plaintiff's affidavit, he paid $59,500.00 to Defendant Aubin for the Audi and $63,000.00 for the Mercedes. *See* Dkt. No. 48 at ¶¶ 3-10. Thereafter, Plaintiff was provided with a fraudulent letter on Bank of America letterhead indicating that the liens for the vehicles had been satisfied. *See id.* at ¶ 11. In fact, both vehicles remain encumbered with liens in excess of the price paid by Plaintiff. *See id.* at ¶¶ 14-15. As such, Plaintiff has established that he is now in possession of two vehicles that do not have clear title.

Accordingly, the Court grants Plaintiff's renewed request for default judgment against Defendant Aubin.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's renewed request for default judgment (Dkt. No. 48) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor as to Defendant Aubin in the amount of **$122,500.00**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision

and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 1, 2022
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

6